# IN THE UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

Y.S.,
Plaintiff-Appellant,

v.

JOHN DOE, et al.,
Defendants-Appellees.

RECEIVED
U.S. COURT OF APPEALS
10TH CIRCUIT
2026 JUN -8 P 1:00

No. [Not Yet Assigned / Insert Tenth Circuit Case No.] 26-1220
D.C. No. 1:25-cv-03129-DDD-KAS
United States District Court for the District of Colorado

---

### EMERGENCY MOTION UNDER TENTH CIRCUIT RULE 8.2 TO PROCEED UNDER PSEUDONYM ON APPEAL, TO MAINTAIN PSEUDONYMITY PENDING APPEAL, AND TO CORRECT PUBLIC DOCKET TEXT IDENTIFYING APPELLANT BY FULL NAME

---

**Corporate Disclosure Statement**: Pursuant to Federal Rule of Appellate Procedure 26.1, Plaintiff-Appellant Y.S. states that he is an individual and not a corporation. He has no parent corporation, and no publicly held corporation owns 10% or more of any stock.

Plaintiff-Appellant Y.S., proceeding pro se, respectfully moves on an emergency basis for an order permitting him to proceed under the pseudonym "Y.S." in this appeal, maintaining pseudonymity and protection of identifying information pending appellate review, and directing that any public docket text, caption, filing description, or public reference identifying Appellant by full name be corrected or replaced with "Y.S." pending appeal. This emergency relief is necessary because the pseudonymity issue arises from documented death threats, disclosure or misuse of Appellant's personal information, and the risk that public docket disclosure will disseminate Appellant's identity to additional unknown actors before appellate review can occur.

This motion is filed under Federal Rules of Appellate Procedure 8(a) and 27, Tenth Circuit Rules 8.1 and 8.2, and this Court's authority to preserve meaningful appellate review and prevent irreversible disclosure before the pseudonymity issue can be decided.

Appellant first sought emergency stay relief in the district court by filing an Emergency Motion to Maintain Pseudonymity Pending Appeal and to Temporarily Stay Public Disclosure of Plaintiff's Identity, ECF No. 120. As of this filing, the district court has not granted relief sufficient to prevent or correct public disclosure of Appellant's identity. Because public disclosure has already occurred or begun through docket text identifying Appellant by full name, immediate relief from this Court is necessary to prevent further dissemination and to preserve meaningful appellate review before the pseudonymity appeal is irreversibly mooted.

The requested relief is temporary, narrow, and seeks only to preserve the status quo that existed during the district-court proceedings while this appeal is pending.

Citations to "ECF" refer to district-court docket entries. Appellant will include the relevant portions of the record in the appendix filed with the opening brief under Tenth Circuit Rule 30.

# I. SPECIFIC RELIEF REQUESTED

Appellant respectfully requests that this Court:

1. permit Appellant to proceed in this appeal under the initials "Y.S." pending resolution of the appeal;

2. direct that the appellate caption use "Y.S." rather than Appellant's full legal name;

3. direct that Appellant's identifying information remain restricted, sealed, redacted, or otherwise protected pending appeal;

4. stay public disclosure of Appellant's identity while this appeal is pending;

5. direct that any public docket text, docket entry, caption, filing description, or public reference in this appeal or in the district court identifying Appellant by full name be corrected to identify Appellant only as "Y.S." while this appeal is pending, including any docket text associated with ECF No. 120 or any other stay, pseudonymity, appeal, or emergency filing;

6. if necessary, stay the effect of the district-court orders denying pseudonymity to the extent those orders require or permit public disclosure of Appellant's identity; and

7. grant such other relief as the Court deems just and proper.

This correction is purely administrative and does not require sealing or alteration of any substantive filing.

## II. RELEVANT BACKGROUND AND PROCEDURAL POSTURE

This case arises from a cryptocurrency investment fraud in which unknown actors induced Appellant to transfer cryptocurrency through wallet addresses associated with the fraudulent scheme. The unknown actors remain unidentified, and the district-court case involves court-authorized early discovery directed to third parties to identify the unknown defendants.

Appellant sought pseudonymity because the record includes an explicit death threat, disclosure or misuse of Appellant's personal information, and a risk that public docket disclosure of Appellant's full legal name would disseminate his identity to additional unknown actors connected to the alleged fraud before they are identified. Appellant does not ask this Court to decide the merits of the underlying fraud claims in this emergency motion.

On December 3, 2025, the Magistrate Judge denied Appellant's initial request to proceed under a pseudonym. Appellant sought reconsideration at ECF No. 56. On March 19, 2026, the Magistrate Judge denied reconsideration but stayed the lifting of anonymity until April 23, 2026, set April 9, 2026 as the deadline to seek review by the District Judge, and provided that if the

appeal were denied, "the restriction and anonymity shall be lifted within one week after the Court's ruling." ECF No. 83 at 2. Ex. C at 2; Ex. D at 4. That stay recognized that disclosure before review would undermine meaningful review. The stay itself supports the same irreparable-harm principle governing Rule 8(a) emergency relief: once Appellant's identity is publicly disclosed, meaningful appellate review cannot fully restore confidentiality.

Appellant timely filed a Rule 72(a) objection at ECF No. 88 and later submitted an amended objection. On June 4, 2026, the District Court entered an order overruling the pseudonymity objection, ECF No. 115. Ex. A at 1. On June 5, 2026, the District Court entered a text-only order, ECF No. 119, accepting the corrected May 4, 2026 pseudonymity objection as considered together with ECF No. 88 and denying reconsideration of the pseudonymity ruling. Ex. B at 1.

Public disclosure of Appellant's full legal name occurred before Appellant could obtain meaningful appellate review of the pseudonymity ruling. Once Appellant's identity is publicly docketed, indexed, copied, or redistributed, confidentiality cannot be restored. The absence of a temporary administrative stay therefore risks mooting the collateral-order appeal and defeating the very relief Appellant seeks.

Appellant filed a Notice of Appeal and also filed the district-court emergency motion to maintain pseudonymity pending appeal, ECF No. 120. Emergency relief is therefore required to preserve pseudonymity while the appeal is pending and to correct docket text that itself risks mooting appellate review.

### III. APPELLATE JURISDICTION

This Court has appellate jurisdiction to review the denial of pseudonymity under the collateral-order doctrine. The Tenth Circuit has recognized that an interlocutory order denying

leave to proceed under a pseudonym is immediately appealable. *Raiser v. Church of Jesus Christ of Latter-Day Saints*, No. 05-4120, 2006 WL 1474004, at *4 n.1 (10th Cir. May 31, 2006). The Tenth Circuit later stated directly that "orders denying motions to proceed anonymously are immediately appealable under the collateral-order doctrine." *Luo v. Wang*, 71 F.4th 1289, 1292 n.2 (10th Cir. 2023).

The collateral-order doctrine applies because the orders denying pseudonymity conclusively decide the anonymity issue, that issue is separate from the merits, and the issue would be effectively unreviewable after public disclosure. Once Appellant's identity is disclosed, confidentiality cannot later be restored. The pendency of a district-court stay motion does not defeat appellate jurisdiction over the underlying pseudonymity orders. It only affects the Rule 8 showing for emergency relief, and that showing is satisfied because Appellant first sought protection in the district court and no sufficient protection has been granted. This motion seeks emergency relief only on pseudonymity and docket-text correction.

## IV. GOVERNING STANDARDS

Under Federal Rule of Appellate Procedure 8(a), a party ordinarily must first move in the district court for a stay or injunction pending appeal. Appellant has done so by filing the district-court emergency motion at ECF No. 120. As of this filing, the district court has not granted relief sufficient to prevent or correct public disclosure and has not entered a temporary administrative stay protecting Appellant's identity while it considers ECF No. 120. Immediate application to this Court is appropriate under Rule 8(a)(2)(A) because further waiting would be impracticable and inadequate: public disclosure would cause irreversible harm and risk mooting the collateral-order appeal before this Court can review the pseudonymity issue. If the district court rules on

the emergency motion after this filing, Appellant will promptly notify or supplement this Court with the district court's ruling.

Because the district court has not granted relief sufficient to prevent disclosure, and because further delay risks mooting the appeal, relief from this Court is necessary under Federal Rule of Appellate Procedure 8(a)(2)(A)(ii).

Tenth Circuit Rule 8.1 requires a motion for stay or injunction pending appeal to address appellate jurisdiction, likelihood of success on appeal, irreparable harm, harm to opposing parties, and the public interest. This motion addresses those factors below.

The Tenth Circuit permits pseudonymity in exceptional circumstances where the need for anonymity outweighs the presumption in favor of open judicial proceedings. Exceptional circumstances include "matters of a highly sensitive and personal nature," a "real danger of physical harm," or circumstances where "the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000); *M.M. v. Zavaras*, 139 F.3d 798, 803 (10th Cir. 1998); *Raiser*, 2006 WL 1474004, at *3. In *Luo v. Wang*, 71 F.4th 1289, 1293-94 (10th Cir. 2023), the Tenth Circuit reaffirmed that courts must balance the litigant's interest in anonymity against the public interest in open judicial proceedings.

Appellant relies principally on the "real danger of physical harm" category. He does not seek to seal the case or hide the legal issues. He seeks only to proceed as "Y.S." while the appeal determines whether public disclosure of his full legal name is warranted despite an explicit threat, unknown alleged perpetrators, and the risk that public docket disclosure will broadcast his identity to additional unknown persons connected to the alleged fraud.

## V. REASONS FOR GRANTING RELIEF

**A. Appellant Will Suffer Irreparable Harm Without Emergency Relief**

The harm is irreparable because the issue on appeal is whether Appellant's identity should be publicly disclosed. If Appellant's full name is placed on the public docket before appellate review, that disclosure cannot be undone. Once a federal docket entry containing Appellant's full name is indexed by search engines, copied by third-party docket aggregators, or otherwise redistributed, the disclosure becomes permanent and uncontrollable.

The harm is not merely prospective. Public docket text in the district court has identified Appellant by full name in connection with his emergency motion to maintain pseudonymity pending appeal. Ex. B at 1. Correcting docket text is an administrative action that preserves this Court's ability to adjudicate the pseudonymity issue without irreversible disclosure and does not alter any substantive filing.

The Tenth Circuit's recognition that denial of pseudonymity is immediately appealable confirms the irreparable nature of the harm. If disclosure occurs before review, the appeal is functionally mooted because confidentiality cannot be restored.

**B. Appellant Has a Substantial Appellate Issue and a Likelihood of Success Sufficient to Preserve the Status Quo**

The appeal presents a substantial question whether the Magistrate Judge and District Judge applied the Tenth Circuit's exceptional-circumstances standard too narrowly. The relevant question is not whether Appellant can prove repeated threats, surveillance, threats to family members, or continuing pursuit. It is whether the record shows a real danger of physical harm or another exceptional circumstance sufficient to justify temporary anonymity while appellate review occurs.

The lower courts discounted pseudonymity because the death threat occurred "once," was communicated by text message, was not followed by additional threats, and because at least one actor already knew Appellant's name and address. Ex. D at 1–3.

That analysis imposes requirements not found in Femedeer, M.M., Raiser, or Luo. A single explicit death threat, combined with misuse or disclosure of personal information, antisemitic targeting, unknown alleged perpetrators, and irreversible public dissemination, is enough to present a substantial appellate issue. Ex. D at 1–3; Ex. E at 1–3.

This is not a mere embarrassment, privacy, or reputational-harm case. The record involves an explicit death threat, antisemitic and hate-based abuse, misuse or disclosure of Appellant's identifying information, and unknown alleged perpetrators who remain unidentified. Those facts correspond to an exceptional case involving a real danger of physical harm and warrant preservation of pseudonymity pending appeal. Ex. E at 1–3.

The key error is the failure to address incremental risk. Disclosure to one wrongdoer is not the same as broadcasting Appellant's full legal name on a public federal docket that can be indexed, copied, searched, and redistributed to additional unknown actors connected to the alleged fraud. The lower courts did not find that the threat was fabricated, not credible, or insignificant; did not identify prejudice from continued use of initials; and did not explain why the public needs Appellant's full legal name to understand the proceedings while this appeal is pending.

At minimum, Appellant has shown a substantial appellate issue and a likelihood of success sufficient to preserve the status quo. The requested relief does not decide the merits of pseudonymity; it merely prevents irreversible disclosure before this Court can decide that issue.

**C. No Opposing Party Will Be Harmed by Maintaining Pseudonymity Pending Appeal**

Maintaining Appellant's initials during the appeal will not prejudice any opposing party. The case has proceeded under the initials "Y.S." to date, and the parties and nonparties have been able to litigate the relevant issues. Temporary continuation of the existing pseudonym does not prevent any party from understanding the claims, responding to filings, or participating in the appeal. Likewise, correcting docket text to replace Appellant's full name with "Y.S." will merely preserve the status quo while the appeal proceeds. No party will be prejudiced by temporary continuation of the pseudonym because the case has proceeded under initials throughout the district-court proceedings.

**D. The Public Interest Supports Preserving Meaningful Appellate Review**

The public interest favors preserving the appellate court's ability to decide the pseudonymity issue before disclosure occurs. This motion does not seek to seal the case or restrict public access to legal arguments. The public interest is fully served because the legal issues, filings, and judicial reasoning remain public; only Appellant's name is temporarily withheld. The requested relief is narrow and temporary.

**VI. EMERGENCY CERTIFICATE UNDER TENTH CIRCUIT RULE 8.2**

1. Reason the motion was not filed earlier: This motion is filed immediately after the District Court entered orders denying pseudonymity, after Appellant sought emergency relief in the District Court to maintain pseudonymity pending appeal, and after public docket text identifying Appellant by full name appeared in connection with the emergency stay filing.

2. Date of underlying orders: The District Court entered the Order Overruling Objections on June 4, 2026, ECF No. 115. The District Court entered the text-only order denying reconsideration of the pseudonymity ruling on June 5, 2026, ECF No. 119.

3. Time by which relief is needed: Appellant respectfully requests a ruling or a temporary administrative stay within 48 hours, or as soon as practicable, to prevent further public disclosure and to preserve this Court's ability to decide the pseudonymity issue before irreversible disclosure occurs.

4. Time and date the orders become effective: Appellant understands that the orders denying pseudonymity may permit public disclosure of Appellant's identity absent a stay or order maintaining pseudonymity. Appellant seeks emergency relief before any further public disclosure occurs and seeks correction of docket text already identifying Appellant by full name.

5. Contact information for counsel of record and unrepresented parties: Appellant Y.S., pro se: Email: subpoena.requests.pro@proton.me.

## VII. ATTACHED EXHIBITS

Appellant submits the following limited exhibits with this emergency motion:

1. Exhibit A: District Court's June 4, 2026 Order Overruling Objections, ECF No. 115;

2. Exhibit B: District Court's June 5, 2026 text-only order, ECF No. 119, or docket printout reflecting that order and the public docket text identifying Appellant by full name, with Appellant's full name replaced by "Y.S." in the exhibit to preserve pseudonymity pending appeal;

3. Exhibit C: Magistrate Judge's March 19, 2026 Minute Order, ECF No. 83;

4. Exhibit D: Relevant excerpts from the March 19, 2026 hearing transcript concerning the pseudonymity ruling, including the Court's discussion of the death threat, the fact that the threat occurred once, the absence of additional threats, the Court's "cat is out of the bag"

reasoning, and Appellant's argument that public docket disclosure would disseminate his identity to additional unknown actors; and

5. Exhibit E: Screenshots of text messages containing the death threat, address-related threat, and antisemitic/hate-based abuse, including threats that a "hitman" would be sent after Appellant, that Appellant's address had been checked, that Appellant would be found, and that Appellant would be killed.

## VIII. CONCLUSION

For the foregoing reasons, Appellant respectfully requests that the Court grant this Emergency Motion, permit Appellant to proceed under the pseudonym "Y.S." on appeal, maintain protection of Appellant's identifying information, correct any public docket text or public references identifying Appellant by full name to "Y.S.," and stay public disclosure of Appellant's identity pending appellate review.

Dated: June 8, 2026

Respectfully submitted,

/s/ Y.S.
Y.S.
Plaintiff-Appellant, Pro Se

## CERTIFICATE OF COMPLIANCE

I certify that this motion complies with the applicable type-volume and formatting requirements because it is presented in 12-point Times New Roman font and contains 2863 words, excluding the parts exempted by Federal Rule of Appellate Procedure 32(f).

/s/ Y.S.
Y.S.

## CERTIFICATE OF SERVICE

I certify that on June 8, 2026, I submitted the foregoing Emergency Motion in person to the United States Court of Appeals for the Tenth Circuit.


/s/ Y.S.
Y.S.
Plaintiff-Appellant, Pro Se

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Daniel D. Domenico

Civil Action No. 1:25-cv-03129-DDD-KAS

Y.S.,

     Plaintiff,

v.

JOHN DOE, et al.,

     Defendant.

---

## ORDER OVERRULING OBJECTIONS

---

Plaintiff, proceeding pro se, is attempting to recover bitcoin that he alleges was improperly taken by scammers. Plaintiff does not know the identity of the scammers and so has been granted limited discovery to try to uncover the identities. He has asked to proceed pseudonymously because of threats he has received. Plaintiff now objects to two orders related to non-party subpoenas and his motion to proceed under pseudonym.

### LEGAL STANDARDS

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)). I cannot, however, act as a pro se litigant's advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008). Pro se parties also must "follow the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (quoting *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992)).

When reviewing a magistrate judge's order that is not dispositive of a party's claim or defense, a Court should "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). The magistrate judge's factual findings may not be set aside unless "on the entire evidence [the court] is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Residences at Olde Town Square Assoc. v. Travelers Cas. Ins. Co. of Am.*, 413 F. Supp. 3d 1070, 1072 (D. Colo. 2019) (citing *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988)). Legal determinations may be set aside if the magistrate judge applied the wrong legal standard or applied the appropriate legal standard incorrectly. *Olde Town Square*, 413 F. Supp. 3d at 1072 (citing 12 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3069 (2d ed.)).

## DISCUSSION

### I.   Motion to Compel Production

The Court granted expedited discovery for the sole purpose of obtaining information to identify the unknown defendants. Doc. 48 at 6–7. Pursuant to that order, the Court permitted Plaintiff to subpoena non-party Coinbase, the exchange he used to send the cryptocurrency. In the subpoena, Plaintiff provided addresses to his own wallets and to wallets he believes are associated with the scammers, either because Plaintiff sent currency to or received currency from these wallets in connection with the scam. *See* Doc. 52-1 at 4–5. He then requested that Coinbase identify "[a]ny Coinbase customer account that Coinbase's internal records attribute to the wallet addresses." *Id.* at 4.

Coinbase, although it listed several objections, informed Plaintiff that it had no responsive records because the owners of the wallets in question are not Coinbase customers. Plaintiff then moved to compel the

production of the names and identifying information of any Coinbase customers who have interacted with the wallets at issue.

Magistrate Judge Starnella denied Plaintiff's motion to compel. She concluded that even if the language of the subpoena could support Plaintiff's broad reading, that reading would result in an overbroad subpoena—both broader than the Court authorized and broader than Fed. R. Civ. P. 45 permits. *See generally* Doc. 83 and Doc. 90.

Plaintiff now objects. He argues that Judge Starnella erred in concluding that Coinbase had no responsive records because Coinbase itself admitted that it had identified 70 accounts that transacted with the wallets at issue. And he argues that he should be permitted to subpoena these records because they may reveal individuals attributable to the scam wallets.

I agree with Judge Starnella. The Court granted expedited discovery to obtain "only the names, current and permanent addresses, billing addresses, telephone numbers, email addresses, and IP addresses associated with each unknown defendant." Doc. 48 at 7. And the subpoena's language should be understood in that light, meaning that the customers Coinbase can "attribute" to the wallets are the Coinbase customers that own the wallets.

Plaintiff argues that Judge Starnella applied the wrong legal standard either because she misconstrued Doc. 48, applied an unduly narrow relevance standard, or mischaracterized the request as a fishing expedition. But Judge Starnella properly applied the relevant standards. As to the interpretation of Doc. 48 and the relevant standard, Plaintiff inaccurately claims that Judge Starnella created a categorical bar to discovery because the information would also include innocent customers. But Judge Starnella simply concluded that the request is overbroad because Plaintiff has no evidence about the 70 accounts and does not know

- 3 -

whether the information would even be useful. The fact that the 70 accounts likely include other victims weighs in favor of their being irrelevant under Rule 26 and unduely burdensome under Rule 45. For those same reasons, Judge Starnella correctly concluded that Plaintiff's request was a "fishing expedition." And I agree with her conclusion that Plaintiff's proposed temporal narrowing does not solve the problems identified.

Plaintiff's objections are overruled.[1]

## II.    Motion to Proceed Under Pseudonym

Plaintiff also objects to Judge Starnella's order denying reconsideration of his motion to proceed pseudonymously. He argues that Judge Starnella applied the wrong legal standard, but the transcript shows that Judge Starnella, after considering the new information Plaintiff provided, walked through (1) the severity of the threatened harm, (2) the reasonableness of the his fears, and (3) his vulnerability to retaliation—the same three-part test plaintiff cites. *See* Doc. 88 at 2 (*citing Doe v. Megless*, 654 F.3d 404, 408–10 (3d Cir. 2011)).

Judge Starnella concluded that pseudonymity is not warranted in this case because the record shows that the individuals that threatened Plaintiff already know his name and address, and that he has not faced

---

[1] In his argument that Judge Starnella mischaracterized his request as a fishing expedition, Plaintiff cites to hallucinated cases and misattributes conclusions that cannot be found in real cases. He cites a nonexistent case, *Diamond Fortress Techs., Inc. v. EverID, Inc.*, No. 19-337-LPS, 2022 WL 2239826, at *3–4 (D. Del. June 22, 2022), and gives the opposite holding of another case, *Hard Drive Prods., Inc. v. Does 1-90*, No. C11-03825 HRL, 2012 WL 1094653, *2–*3 (N.D. Cal. Mar. 30, 2012). This is a sufficient alternative ground for overruling his objections. *See* Doc. 90 at 21:18–20 ("I am warning you that if you continue to miscite cases and misstate cases, I will likely recommend that the district judge impose filing restrictions on you.").

any further threats. Plaintiff correctly notes that repeated threats are not strictly necessary, but he has not shown that Judge Starnella based her conclusions on an incorrect standard or incorrect information. While I understand Plaintiff's apprehension and disagreement with the decision, the bar to overturn a non-dispositive motion is high, and he has not shown error, clear or otherwise.

## CONCLUSION

It is **ORDERED** that:

Plaintiff's objections, **Doc. 88 and Doc. 104** are **OVERRULED.**

DATED: June 4, 2026          BY THE COURT:

Daniel D. Domenico
Chief United States District Judge

# EXHIBIT B

**EXHIBIT B - District Court's June 5, 2026 Text-Only Order, ECF No. 119, Denying Reconsideration of the Pseudonymity Ruling and Correcting Docket Text[1]**

| 06/05/2026 | 119 | ORDER GRANTING IN PART 118 Motion to Correct Docketing Error. To the extent Y.S. moves to correct the text of the docket, his motion is GRANTED. The Docket has been corrected to attach the correct, May 4, 2026 objection at Doc. 104 . This objection was accepted and considered in addition to Y.S. initial objection at Doc. 88 . The Court also considered and overruled Y.S.'s objection to the Order Denying Motion to Compel, Doc. 107 . This is all reflected in the corrected order at Doc. 115 .<br><br>To the extent, Y.S. asks the court to reconsider overruling his objection to the order denying pseudonymity, his motion is DENIED. Although Y.S. disagrees Judge Starnella's conclusions as to the weight of the evidence, she did not apply an incorrect, heightened standard. Though Y.S. believes she improperly discounted some of the evidence, I am not "left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948). The motion for reconsideration is DENIED. SO ORDERED by Chief Judge Daniel D. Domenico on 06/05/2026. Text Only Entry.<br><br>For all non-e-filer pro se parties, a copy of this document has been sent via U.S. Mail to the mailing address of record. (agryan) (Entered: 06/05/2026) |
|---|---|---|

---

[1] Plaintiff's full legal name has been replaced with "Y.S." in this exhibit to preserve the requested pseudonymity pending appellate review and to avoid public disclosure of identifying information.

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathryn A. Starnella**

| | |
|---|---|
| Civil Action No.: 25-cv-03129-DDD-KAS | Date: March 19, 2026 |
| Courtroom Deputy: Laura Galera | FTR: Courtroom A501 |

*Parties:*

Y.S.,

   Plaintiff,

v.

JOHN DOE, ET AL.,

   Defendants.

*Counsel:*

Pro Se

---

## COURTROOM MINUTES

**MOTION HEARING**
**Court in session:  1:35 p.m.**
Court calls case.  Appearance of pro se plaintiff.

Alexandra Mayhugh for non-party Coinbase appears by videoconference.

Argument regarding Plaintiff's Motion for Reconsideration of Order Denying Leave to Proceed Under Pseudonym [#56], Plaintiff's Motion for Reconsideration of Omnibus Minute Order (ECF No. 54) and for Limited, Targeted Redactions [#58], Plaintiff's Motion for Limited Early Discovery Directed to Binance.Com and for Authorization of Alternative Service [#60], Plaintiff's Motion for Clarification Regarding Scope of Redactions [#61], Plaintiff's Notice of Compliance with Omnibus Minute Order and Request to Temporarily Maintain Level 1 Restriction Pending Court Clarification of the Scope of Redaction [#65], Plaintiff's Motion for Limited Document Subpoenas to Internet Service Providers [#66], Plaintiff's Motion for Leave to Serve Limited Subpoena Duces Tecum on Meta Platforms, Inc. to Identify Unknown Defendant [#68, #69], Plaintiff's Motion to Restrict and Redact Messenger Chat URL at Level 1 and to Permit Public Filing of Narrowly Redacted Exhibits [#70], Plaintiff's Motion to Compel and Enforce Nonparty Coinbase, Inc.'s Compliance with Court-Authorized Subpoena [#72] and Plaintiff's Motion to Restrict and Redact Exhibit A at Level 1 and to Permit Public Filing of Narrowly Redacted Version [#74].

Ms. Mayhugh makes an oral Motion that Plaintiff Request Permission by the Court Prior to Issuing any Additional Subpoenas to Coinbase.

ORDERED:    Counsel's oral Motion that Plaintiff Request Permission by the Court Prior to Issuing any Additional Subpoenas to Coinbase is DENIED. Because this is early discovery, Plaintiff will need prior permission from the Court prior to issuing any further subpoenas.

Court admonishes Plaintiff regarding the use of incorrect case citations.

For the reasons as stated on the record it is:

ORDERED:    Plaintiff's Motion for Reconsideration of Order Denying Leave to Proceed Under Pseudonym [#56] is DENIED. The Court will stay this decision until **April 23, 2026.** Any appeal to this decision shall be filed **no later than April 9, 2026.** If the appeal is denied, the restriction and anonymity shall be lifted **within one week after the Court's ruling.**

ORDERED:    Plaintiff's Motion for Reconsideration of Omnibus Minute Order (ECF No. 54) and for Limited, Targeted Redactions [#58] is DENIED. The Court will permit Plaintiff to file both a redacted version and a restricted, unredacted version in future pleadings when appropriate.

ORDERED:    Plaintiff's Motion for Limited Early Discovery Directed to Binance.Com and for Authorization of Alternative Service [#60] is GRANTED.

ORDERED:    Plaintiff's Motion for Clarification Regarding Scope of Redactions [#61] is GRANTED.

ORDERED:    Plaintiff's Notice of Compliance with Omnibus Minute Order and Request to Temporarily Maintain Level 1 Restriction Pending Court Clarification of the Scope of Redaction [#65] is DENIED AS MOOT.

ORDERED:    Plaintiff's Motion for Limited Document Subpoenas to Internet Service Providers [#66] is GRANTED.

ORDERED:    Plaintiff's Motion for Leave to Serve Limited Subpoena Duces Tecum on Meta Platforms, Inc. to Identify Unknown Defendant [#68, #69] are GRANTED. Document [#68] be placed under Level 1 Restriction.

ORDERED:    Plaintiff's Motion to Restrict and Redact Messenger Chat URL at Level 1 and to Permit Public Filing of Narrowly Redacted Exhibits [#70] is GRANTED.

ORDERED:    Plaintiff's Motion to Compel and Enforce Nonparty Coinbase, Inc.'s Compliance with Court-Authorized Subpoena [#72] is DENIED.

**ORDERED:** Plaintiff's Motion to Restrict and Redact Exhibit A at Level 1 and to Permit Public Filing of Narrowly Redacted Version [#74] is GRANTED. Document [#73] shall be maintained at a Level 1 Restriction status.

Hearing concluded.
**Court in recess:**       **2:40 p.m.**
Total time in court:    01:05

*To order transcripts of hearings, please contact either Patterson Transcription Company at (303) 755-4536 or AB Litigation Services at (303) 629-8534.

# EXHIBIT D

**Exhibit D – Relevant Excerpts from March 19, 2026 Hearing Transcript Concerning Pseudonymity[1]**

THE COURT: All right, let's talk about the motion to reconsider. You've got, I believe, two motions to reconsider, but let's first deal with the motion to reconsider the order denying leave to proceed under pseudonym. This is at docket number 56. Basically, you're asking, to quickly summarize what you're asking, you're saying this is actually a criminal organization and they've threatened you once, and so you've got reason to believe that your safety is jeopardized and therefore you should maintain your anonymity. Have I accurately summarized your argument?

PLAINTIFF/Y.S.: Yes.

THE COURT: Okay, go ahead.

PLAINTIFF/Y.S.: So when I first requested to hide my identity, I thought it was only one scammer. It turns out that at some point they had $2 billion in their wallet. So it makes me very concerned that it's an organization and based on what I read over the internet about previous cases, they have people who collaborate with them from the United States with overseas individuals. And so that's why I tried to reconsider my request because I'm concerned that there are people who, as you read, threatened to kill me, basically.

THE COURT: But that was once?

PLAINTIFF/Y.S.: That was, yeah, that was once.

THE COURT: No threats since then.

PLAINTIFF/Y.S.: But still, if my name is there, they know my name, basically. My name is open, they know my name. So what I'm afraid is that my name will be spread to other people who are related to this organization. I don't know the nature of this organization. I know that at some point they had $2 billion.

THE COURT: Right. I mean, to the extent one person in the organization knows your name, who's to say that they have not already spread it throughout the organization? So what does anonymity serve at this point?

PLAINTIFF/Y.S.: That I can sleep peacefully at night.

THE COURT: I know.

---

[1] These excerpts are an unofficial working transcription prepared from the March 19, 2026 hearing audio. They are provided only to identify the relevant portions of the hearing for this emergency motion and are not represented as a certified or official court transcript. Speaker labels are based on context from the hearing record. The highlighting/underlining were added by Plaintiff for emphasis to identify portions most relevant to the emergency motion.

PLAINTIFF/Y.S.: Otherwise, I'm very afraid that someone will, they know my address and this is also addressed in my motions. They know my address, they will know my name and they can do whatever they want.

THE COURT: So the cases that you cited, what was happening in those cases, the individuals had either concrete evidence of harm, the likelihood of harm, or there was a significant risk of retaliation. So for instance, let me first just remind you what the standard is for a motion to reconsider. A motion for reconsideration is proper when the court has made a mistake, not of reasoning, but of apprehension, or if there has been a significant change or development in the law or facts since submission. And here, the law hasn't changed. You've presented additional information based on your investigation that this is a criminal network. Okay, so not just one person, but it's a group of people. And so, okay, those are new facts, so all right, fine. I've considered your arguments, but here's the thing.

THE COURT: So you talk about a Ninth Circuit case, Doe's 1 through 23 versus Advanced Textile Corporation. There, the Ninth Circuit determined that the District Court abused its discretion. There, what the lower court did was it dismissed the lawsuit because the plaintiffs did not use their names, their real names, and the court said that's a problem. But then the court went on to discuss whether it was appropriate for the plaintiffs to proceed anonymously.

THE COURT: And there, the court was talking about what the plaintiffs had endured. They were recruited to work in a garment industry, and recruiters required the plaintiffs to surrender their passports. The plaintiffs feared that the Chinese government would arrest them and their family members if they breached the contract. And this wasn't just speculative, because the recruiters were policing their actions, and their family members in China were actually threatened when plaintiffs complained about their work conditions.

THE COURT: And so the court, the Ninth Circuit, identified factors that the district court should consider. One is the severity of the threatened harm. So for you, I mean, no doubt, somebody threatening to kill you, yes, that is severe. No doubt about that.

THE COURT: The reasonableness of the anonymous party's fears. So the reasonableness of your fears. Again, I'm not telling you you are wrong to be afraid. Anybody who threatens somebody with death, that is a reason to be afraid. But it was a text message. There's no indication that people are following you, watching you. They haven't made threats to your neighbors or your family.

THE COURT: And what is your vulnerability to retaliation? Here these individuals were threatened with being sent back to China, with harm to their family in China. They had their passports taken away from them. They were threatened with not getting their passports back. And so that was significant harm that they faced, a significant likelihood of harm.

THE COURT: Then in Doe v. Ayers, another case you cited, the Ninth Circuit noted it's an exceptional situation where somebody is allowed to proceed anonymously. And the court there determined that the case before it was an exceptional case because the petitioner was in prison, was granted habeas relief, and it was based on graphic evidence regarding repeated sexual

assault in prison. He had submitted credible evidence that he would likely be subjected to more violence if his name was revealed alongside the evidence of his abuse.

THE COURT: So here we've got this one text that was sent to you some time ago, and we just have this one text. Again, I know it's concerning, but this doesn't rise to that exceptional level where it would warrant anonymity. Plus, these individuals know who you are and where you live. So the cat is out of the bag, as I said in my prior order. So what would anonymity do for you, other than give you some peace of mind?

PLAINTIFF/Y.S.: That's also important. But we don't know who these people are. We don't know who these unidentified people are. We don't know where they live, and we don't have any information. That's why I won't downplay those threats that were made against me. The other thing is I block them, not get anything from them. So they don't have any way to contact me. That's why there are no more threats. But as I said, I won't downplay those threats. We don't know who these people are. We don't know where they are. We don't know what they are planning to do. And that's why I'm like, you know, it's easy to downplay and say, oh, nothing will happen. No one has ever threatened to kill me, never. This is the first time.

THE COURT: I understand. They do know where you live. And it doesn't sound like you've seen any random cars outside of your home.

PLAINTIFF/Y.S.: I would take precautions and not disclose my name, because we don't know who these people are. If we knew that they are in China or in Singapore or in Thailand, and know that they are not collaborating with anybody here in the U.S., I would say, okay. But we don't have any idea who these people are. And as I said, we have a name from North Carolina, you know, someone who was involved in the transactions, those scammers' transactions. So we don't really know. We can speculate, you know, that they are not planning anything. They are not planning to kill you. They are not planning to do anything to your family. It's a speculation. You know, we don't know.

THE COURT: Right. I'm going to deny your motion to reconsider. But to remind you, there's an avenue for you to appeal my decision to the district judge. So you're welcome to avail yourself of that.

PLAINTIFF/Y.S.: Can I ask a question?

THE COURT: Yes.

PLAINTIFF/Y.S.: So if, I don't know if I'm, let's see what happens later with my other motion. But can I, so what I did, I added like a footnote there. And I don't know if you noticed that I'm saying I'm proceeding with Y.S. Until there's a decision, can I continue to do it if I decide to appeal your decision?

THE COURT: I will stay my decision denying your motion to reconsider. So basically, see, when was your motion to reconsider filed? Because a lot of these, let's see, your motion to reconsider was filed December 10th. So okay, soon after I had ruled that all these restrictions

should be lifted and you shouldn't proceed anonymously. So I think what happened, the clerk's office, I noticed they didn't lift any of these restrictions. And you're still on the docket as Y.S.

THE COURT: So I'm going to stay my decision of lifting the restriction and ordering your actual name to be placed on the docket. Until, so let's see, I believe you've got 14 days from today to file your appeal with Judge Domenico. So let me see how I want to work this. So 14 days from today takes us to April 2nd. So I will stay this, the lifting of the restrictions and your name, actual name being placed on this docket until Monday, April 6th.

PLAINTIFF/Y.S.: Your Honor, can I get more time because I'm flying tonight and I'll be away for two weeks. Can I get another week?

THE COURT: Okay. So your deadline, well, actually, yes, I will grant you an extension of time to file an appeal with Judge Domenico. So your deadline to file an appeal with Judge Domenico is April 9th. I'm going to stay my decision lifting the restrictions and anonymity until April 23rd. If no motion is on or no appeal is on file, then the restriction and anonymity will be lifted. If an appeal is on file, then restriction and anonymity will be lifted within a week after Judge Domenico adjudicates the appeal if he denies the appeal.

# EXHIBIT E

**EXHIBIT E**

Text Messages Containing Death Threats, Address-Related Threat, and Antisemitic/Hate-Based Abuse

The following screenshots show text messages received on Thursday, September 25. The messages include an explicit threat to send a "hitman" after Plaintiff-Appellant, a statement that Plaintiff-Appellant's address had been checked, a threat that Plaintiff-Appellant would be found before a specific time, a statement that "they will kill you," and antisemitic/hate-based abuse.

The screenshots also show that the sender was blocked. Plaintiff-Appellant blocked the sender to avoid receiving further threats or abusive messages.

The screenshots are submitted to support Plaintiff-Appellant's request to proceed under pseudonym and to demonstrate the record basis for Plaintiff-Appellant's fear of physical harm if his identity is publicly disclosed.

You are **Thu, Sep 25** a scam business ...Lol you stole another man's identity                    8:28 PM

You bitch, I'm going to send a hitman after you!            8:29 PM

They terminated your Facebook profile because of that. Scammer and liar

You are the filthiest

Criminal

You need to sit in jail

I'm going to send your threats to the police. You will sit in jail.                    8:30 PM

I just contacted the hitman, they checked your address, you live at



**Delete**            **Report...**            **Unblock**

I just contact Thu, Sep 25 n, they checked your address, you live at

**REDACTED**

They will find you before 12 o'clock tomorrow, you'd better run to Israel  8:32 PM

You are a psycho go to hell  8:32 PM

They will kill you!

You damn Jew!!  8:33 PM

You are a psycho need to be in a mentally sick institution  8:33 PM

Hitler was right, Jews should be exterminated!



Let **Mature man.** message you and share your name and photo with them? You won't receive any messages until you unblock them.

Delete    Report...    Unblock

Hitler was rig ~~Thu, Sep 25~~ ould be exterminated!

So cunning! 8:33 PM

Psycho psycho psycho psycho psycho psycho psycho 8:33 PM

Are you planning to move now?
8:34 PM

Psycho psycho psycho psycho psycho psycho psycho 8:35 PM

⊘ You blocked this person.

