# IN THE UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

Y.S.,
Plaintiff-Appellant,

v.

JOHN DOE, et al.,
Defendants-Appellees.

No. 26-1220
D.C. No. 1:25-cv-03129-DDD-KAS

## APPELLANT'S SUPPLEMENTAL NOTICE REGARDING ADDITIONAL DISTRICT COURT ORDER DENYING DOCKET-TEXT CORRECTION OR RESTRICTION AND RENEWED REQUEST FOR IMMEDIATE RELIEF

Plaintiff-Appellant Y.S., proceeding pro se, respectfully submits this Supplemental Notice to inform the Court that, on June 9, 2026, the district court entered an additional text-only order denying Appellant's request to correct or restrict public docket text identifying Appellant by full legal name (ECF No. 127). This additional ruling bears directly on Appellant's pending emergency request to preserve pseudonymity and to prevent further public disclosure of Appellant's identity pending appellate review.

The district court denied Appellant's request to correct or restrict public docket text. The district court stated: "For the reasons stated in Doc. [121], a stay pending appeal is not appropriate in this case, and pseudonymity is reserved only for exceptional cases."

A copy of the June 9, 2026 text-only order is attached as Exhibit A.

This further confirms that Appellant sought relief first in the district court and that emergency relief from this Court is necessary under Federal Rule of Appellate Procedure 8(a)(2). The public docket continues to identify Appellant by full legal name, which is the very disclosure Appellant seeks to prevent while the pseudonymity issue is pending on appeal.

The district court's rulings leave Appellant without effective relief in the district court. The district court first denied a stay pending appeal by reasoning, among other things, that Appellant had not shown irreparable harm because the alleged scammers already know Appellant's name and residential address, that public court proceedings are important, and that the case is "nowhere near appeal" because appeals generally occur after final judgment and certification under 28 U.S.C. § 1292(b) was unavailable.

Appellant respectfully submits that this reasoning does not address Appellant's basis for appellate review. Appellant does not rely on § 1292(b). Appellant relies on the collateral-order doctrine because public disclosure of identity would make later appellate review ineffective. Once Appellant's full legal name appears on the public docket, that disclosure cannot be undone even if Appellant later prevails.

The district court's rulings also reflect a shift in reasoning that underscores the need for immediate appellate relief. The district court first denied a stay by stating that the case was "nowhere near appeal" and by invoking ordinary final-judgment principles and § 1292(b). But when Appellant sought narrower administrative correction or restriction of public docket text, the district court denied that request by stating that "pseudonymity is reserved only for exceptional cases." Thus, the court moved from a procedural appealability rationale to the ultimate merits standard for pseudonymity, without addressing the distinct emergency issue presented here: whether temporary correction or restriction of docket text is necessary to prevent irreversible public disclosure before this Court can determine whether the pseudonymity ruling is immediately reviewable and whether disclosure should be stayed.

Private knowledge by alleged wrongdoers is not the same as public disclosure through a federal docket. The district court reasoned that Appellant had not shown irreparable harm

because the alleged scammers already know Appellant's name and residential address. But Appellant's emergency request concerns broader public docket disclosure. Once Appellant's full legal name appears on the public docket, it may be indexed, copied, downloaded, republished, or disseminated to unknown third parties. Later appellate relief cannot restore confidentiality after public disclosure has occurred.

The requested relief is narrow. Appellant does not seek to seal the case, close proceedings, restrict public access to judicial reasoning, or conceal the substance of the dispute. Appellant seeks only temporary use of initials and temporary correction or restriction of public docket text identifying Appellant by full legal name while this Court reviews the emergency request.

The public can fully understand the nature of the case, the rulings, the legal issues, and the parties' arguments without immediate public disclosure of Appellant's full legal name. No party is prejudiced by temporary use of initials pending this Court's review. By contrast, public disclosure of Appellant's full legal name cannot be undone if Appellant later prevails.

For these reasons, Appellant respectfully renews his request that this Court immediately correct, restrict, or temporarily modify the public appellate docket, caption, and docket text to identify Appellant only as "Y.S." pending review of Appellant's emergency motion.


Dated: June 9, 2026

Respectfully submitted,

/s/ Y.S.
Y.S.
Plaintiff-Appellant, Pro Se
Email: subpoena.requests.pro@proton.me

**CERTIFICATE OF SERVICE**

I certify that on June 9, 2026, I filed the foregoing document through the Court's CM/ECF system, which will send notice of electronic filing to all registered CM/ECF participants in this case.

Dated: June 9, 2026

/s/ Y.S.
Y.S.
Plaintiff-Appellant, Pro Se